IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

EARNEST LEE WALKER, AIS#187005
    Plaintiff,

VS.

ALABAMA DEPARTMENT OF CORRECTIONS, et al.,
ALABAMA DEPARTMENT OF PUBLIC SAFTEY, et al.,

CASE NUMBER: 2:05CV1116-T
[TO BE SUPPLIED BY THE COURT CLERK]

## MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO FEDERAL RULES CIVIL PROCEDURES RULE 65 (a).

COMES NOW, the Plaintiff, Earnest Lee Walker, [hereinafter Plaintiff] by way of pro se litigation in the above styled cause moves this Honorable Court for a Preliminary Injunction **prohibiting** Alabama's 1996 Community Notification Act's community-notification provision against him pending resolution of this motion and a 1983 Prisoner Civil right Complaint[If Neccessary]. As grounds in support thereof, the Plaintiff presents the following:

1. The Plaintiff is an inmate within the "ALDOC" serving a 18 months sentence for receiving stolen property in the first degree and will complete this sentence on December 12, 2005;

2. The Plaintiff has been notificed by the "ALDOC" officials that the Director of Public Safety has designated his 1995 misdameanor sex offense conviciton from Oakland, California as an offense from other jursidicitons that are to be consider sex offenses under Section 15-20-21 (4)1.[**Without any type of hearing**] Thereby, making the Plaintiff subject to 15-20-22 thru 15-20-25 Code of Alabama, 1975;

3. The Plaintiff will suffer irreparable harm to reputation, psyche and personal associations if the community notification provision of the Act is allowed to proceed. Community Notificaiton **will subject the Plaintiff to public opprobrium, stigmatization, shame, embarrassment, and threats of physical harm for which there is no adequate remedy of law**;

4. The Plaintiff faces **irreparable harm** in the absence of a preliminary injunction, whereas the Defendants will suffer little harm or no harm by a delay in registration and or notification;

5. That the requested injunction would not be adverse to the public interest because there is nothing about the Plaintiff prior conduct suggests that he is likely to prey on members of his community before the matter is resolved [EMPHASIS ADDED];

6. That applying the **stigma-plus test** in this case as set out by the U.S. Supreme Court in Paul v. Davis, 47 L. Ed 2d 405 the Plaintiff will likely succee in showing that the Act will deprive him of a liberty interest protected by the **Due Process Clause**;

essary.

7. That the Act will deprive the Plaintiff of life liberty and property;

8. That the Procedures attending the deprivation are constitutionally inadequate;

9. The Alabama Community Notification Act did not become in effect until 1996;

10. The Plaintiff conviction is from another jurisdiction that occured in 1995;

11. The Director of the Alabama Department of Public Safety was given the authority in 2001 to establish a listing of offenses from other jurisdictions that are to to be considered criminal sex offenses under Section 15-20-21(4)1;

12. Alabama's Community Notification Act contains both a registration and a notification component. Plaintiff challenges only the notification praovision of the act;

13. Plaintiff concedes registration is required pursuant to Title 13A-11-2000. It is the retroactively applying of the notificaiton provision of the Act that if allowed to go in effect will punish the Plaintiff more harshly for the crime than was possible when he committed the offense in Oakland, Califorina in 1995;

14. That the Act statutory scheme is so punitive in its effect as applied to the Plaintiff negate State's intention to deem "notification" is only done to protect the public;

15. That the Act "DOES NOT" pass the three-prong analysis of actual purpose, objective purpose, and effect to constitute nonpunishment;

16. That the Ex Post Fact Clause, Bill of Attainder and Double Jeopardy Clause of the the U.S. Constitution **prohibits the government from retroactively applying a law that inflicts a greater punishment, than the law annexed to the crime when committed.**

This claims meets the ripeness requirements under U.S.C.A Const. Art. 3 2. cl. 1 because a credible threat of injury exists that irreparable injury will be caused upon the Plaintiff if the defendants are allowed to apply Section 15-20-25 Code of Alabama 1975, because of the stigmatizing effect of notification will limit the Plaintiff residency and employmnet opportunities.

## RELIEF REQUESTED

Plaintiff request injunctive relief against the enforcement of 15-20-25 against him pending resolution of this Motion and 1983 Prisoner Civil Right Complaint if neccessary.

Done this _22nd_ day of _October_, 2005

EARNEST LEE WALKER, 187017
V.C.F. P.O. BOX 767
CLAYTON, ALABAMA 36016