IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EARNEST LEE WALKER, AIS#187017
    Plaintiff

vs.

COMMISSIONER ALABAMA
DEPARTMENT OF PUBLIC SAFETY, et al.,
    Defendants.

CIVIL ACTION NO. 2:05-CV-1116-T

### PLAINTIFF'S ARGUMENT IN SUPPORT OF HIS MOTION FOR A PRELIMINARY INJUNCTION.

COMES NOW, the Plaintiff, Earnest Lee Walker, [hereinafter Plaintiff] by-way of pro-se litigation in the above styled cause submit the following in support of his Motion For A Preliminary Injunction.

### FACTS.

1. The Defendants [Sandra Johnson with DPS and Al Butler with ADOC] have received numerous of pleadings from the Plaintiff requesting an Administrative Hearing pursuant to Title 15-20-38. See attached copy of motions;

2. Alabama's Sex Offender Registration And Community Notificaiton Statutes virtually assures that the Plaintiff **will be prosecuted if he is not in compliance with the mandates of the statutes.** See ALa. Code 15-20-20, et seq. (1975);

3. Under these circumstances, the threat of prosecution the Plaintiff faces satisfies any test of the Supreme Court and this Court because these threats are credible, real, and substantial;

4. The Plaintiff will suffer irreparable harm to reputation, psyche and personal association if the community notificaiton provision of the statute is allowed to proceed. Community Notificaiton will subject the Plaintiff to public opprobrium, deny him rights of residency and job choice, stigmatization, shame, embarrassment, and threats of physical harm for which there is no adequate remedy of law;

5. **The Plaintiff will suffer irreparable harm in the absence of a preliminary injunction, wheras the Defendants will suffer no harm by a delay in registration and or notification;**

6. **The requested injunction would not be adverse to the public interest because there is nothing about the Plaintiff prior conduct suggests that he is likely to prey on members of his community before this matter is resolved;**

7. The application of this statute **without affording the Plaintiff prior notice and an opportunity to be heard violated the Plaintiff's procedural due process right.** See U.S.C.A COnst. Amend. 14; 18 U.S.C.A. 2252 (a) (2);

8. The Plaintiff misdameanor sex offense occurred in 1995 in Oakland, California;

9. Alabama's Sex Offender Registration And Community Notificaiton Statutes went into effect in 1996. **History. Acts 1996, No. 96-793;**

10. The Director of Public Safety was given the authority to promulgate rules setting forth a listing of offenses from other jurisdictions that are to be considered criminal sex offenses under Section 15-20-21 (4) 1. **History. Acts 2001, 4th Sp. Sess., No. 01-1127;**

11. Plaintiff's offense occurred in another jurisdiction before ALabama's Statute went into effect in 1996 and before the Director of Public Safety was given the authority to promulgate rules setting forth a listing of offenses from other jurisdictions that are to be considered sex offenses under Section 15-20-21(4)1 in 2001.

## DISCUSSION.

Title 15-20-38. Administrative hearing procedures.

(a) The Director of the Department of Public Safety shall promulgate rules establishing an administrative hearing procedure for individuals who are subject to this article pursuant to Section 15-20-21(4)1.

(b) The Director of the Department of Public Safety shall promulgate rules setting forth a listing of offenses from other jurisdictions that are to be considered criminal sex offenses under Section 15-20-21(4)1. **Thereafter, any individual convicted of any offense set forth in the listing shall be immediately subject to this article.** History. Acts 2001, 4th Sp. Sess., No. 01-1127.

The mandatory language of this statute entitle individuals who are subject to this article pursunat to Section 15-20-21(4)1. to a "DUE PROCESS HEARING".

The Plaintiff's primary complaint is that his offense from Oakland, Califorina occurred before the Director of Public Safety was given the authority in 2001 to promulgate rules setting forth a listing of offenses from other jurisdicitons that are to be considered criminal sex offenses under Section 15-20-21(4)1. and that he was not afforded a "DUE PROCESS HEARING" to present this argument.

Title 15-20-38(b) states in **mandatory language** in part b of the statute "Thereafter, any individual convicted of any offenses set forth in the listing shall immediately be subject to this article."

Thereafter is defined in Black's Law Dictionary as-After the last time mentioned; after that; after that time; afterward; subsequently. Also, as-following in time; coming or being later than something else; from a specified time onward; from then on.

It is well settled that words used in a statute must be given their natural, plain ordinary, and commonly understood meaning, and where plain language is used a court is bound ti interpret that language to mean exactly what it says. If the language is not ambigupus, then there is no room for judicial construction. See <u>Radney v. State</u>, 840 So.2d 190 at 196 quoting <u>Ex parte Cobb</u>, 703 So.2d 871.

The phrase "Thereafter, any individual convicted of any offenses set forth in the listing shall be subject to this article" is clear on its face and "DO NOT" include convictions from other jurisdictions before 2001.

Because the Plaintiff conviction occurred in another jurisdiction before the Director of Public Safety was given the authority to promulgate rules establishing a listing of offenses from other jurisdicitons that are to be considered criminal sex offenses. The plaintiff conviciton "DOES NOT APPLY" to the strict statutes of the current notification requirements.

Please take notice of the attached copy of an article written in the Mobile Register about a convicted sex offender whose conviction(s) occurred in another jurisdiciton before 15-20-38 went into effect in 2001.

In any event, the Procedural attending the deprivation of the Plaintiff's right to procedural due process are constitutionally inadequate.

DONE THIS 30th DAY OF NOVEMBER, 2005.

EARNEST LEE WALKER, AIS#187017
DORM 10B BED 18 BOTTOM
VENTRESS CORRECTIONAL FACILITY
POST OFFICE BOX 767
CLAYTON, ALABAMA 36016

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing pleading on the defendants properly addressed and postage prepaid by placing it in the care of the U.S. Mail on this 30th day of November, 2005.

EARNEST LEE WALKER, AIS#187017

THURSDAY, JULY 14, 2005                                                                MOBILE RE

# Convicted sex offender a

▶ Michael Robert Erskine accused of possessing child pornography

**By NADIA MOHANDESSI**
Staff Reporter

A man convicted of sex crimes in Virginia and later acquitted on charges of child sexual abuse in Mobile was arrested and released from Mobile County Metro Jail on bail, charged with possessing child pornography and failing to properly register, authorities said Wednesday.

Michael Robert Erskine, 48, who was convicted in Hampton County, Va., in 1995 of sexual abuse and aggravated sexual battery of an 8-year-old girl, was released Tuesday on a combined $25,000 in bail for nine counts of sex offender-related charges, according to the jail log.

Erskine last registered as a sex offender when he moved to 111 Veegee Street in Satsuma after his 1995 conviction, Mobile Police spokesman Officer Eric Gallichant said.

Erskine had not notified authorities of any changes of address in a decade, Gallichant said, and was found living with a minor who wasn't his child on Somerset D bile, within 2,000 feet Paul school in Tillma day care.

In 1999, Erskine w two counts of firs abuse in Mobile after of fondling two youn 1996, according to co past Register articles.

The residence list sex offender registrati one that he used durin court records show.

Nancy Johnson, a spokeswoman, said Ers the registered residen 1999 trial date.

**Erskine**

## Deaths