IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EARNEST LEE WALKER (#187017),   ) | |
| ) | |
|     Plaintiff,   ) | |
| ) | |
| vs.   ) | CIVIL ACTION NO. 2:05-CV-1116-T |
| ) | |
| COMMISSIONER OF ALABAMA,   ) | |
| DEPARTMENT OF PUBLIC SAFETY   ) | |
| *et al.*,   ) | |
|     Defendants.   ) | |

## RESPONSE TO SHOW CAUSE ORDER

COMES NOW the Commissioner of the Alabama Department of Corrections ("ADOC"), by and through undersigned counsel, and submits its response to the November 23, 2005, order to show cause as to why this Honorable Court "should not order preliminary injunctive relief in response to Plaintiff's claim." (Doc. 6)

The ADOC Commissioner shows unto this Honorable Court the following:

1. Plaintiff Earnest Lee Walker ("Walker") is presently in the custody of the ADOC and assigned to the Ventress Correctional Facility in Clayton, Alabama. He is currently serving a sentence for Theft of Property II and Receiving Stolen Property I. (RSP I). The second conviction is a split sentence pursuant to section *Ala. Code* § 15-18-8 of the Code of Alabama. Walker (1975). is scheduled to be released on December 12, 2005. (Exhibit 1; Inmate Summary)

2. In 1995, Walker was arrested and convicted in Alameda, California, for the misdemeanor offense of "lewd or lascivious acts w/ a child under 14." (Exhibit 2; Pre-Sentence Investigation dated December 31, 2003)

3.Before an *Ala. Code* § 15-20-22 (a) (1) states that the adult criminal sex offender is released, he must declare will provide an <u>actual</u> address to the responsible agency the actual address where he will live or reside upon release.  <u>See</u> ALA. CODE § 15-20-22(a)(1) (Supp. 2005).  For an offender being released from prison, the responsible agency is the ADOC.  <u>See</u> ALA. CODE § 15-20-21(11) (Supp. 2005)..  If the offender does information is not provide a timely and accurate declaration of his intended place of residence, the offender commits, then it shall constitute a Class C felony and is rendered .  "Any adult criminal sex offender in violation of this section shall be ineligible for release on probation or parole.  <u>See</u> ALA. CODE § 15-20-22(a)(1) (Supp. 2005).  Moreover, any Any  adult criminal sex offender in violation of this section who is slated for release and violates section 15-20-22(a)(1) must, at the to be released due to expiration of his or her sentence, shall be charged with violating such violation this section and, upon release, shall immediately be remanded to the custody of the sheriff of the county in which the violation occurred.  <u>See</u> <u>id.</u>

4.Undersigned…"  It has been brought to the attention of undersigned counsel have recently learned that Walker, in violation of section 15-20-22(a)(1),that the   has provided a false address and telephone number to the ADOC.  The Upon review, ADOC has discovered that the address provided by Walker corresponds to is for a parking lot at the Oakland International Airport and that the telephone number Walker provided matches that of ais for a data systems business. .  Therefore, the  is ineligible for release on probation. (Exhibit 3; Verification of Petitioner's address and telephone number) Thus, given this apparent violation of state law, Walker is now ineligible for release on probation and must instead be remanded to the custody of the sheriff to be charged with

violating the Community Notification Act.  See ALA. CODE § 15-20-22(a)(1) (Supp. 2005).

5. In his motion for preliminary injunction (Doc. 2), Walker recognizes that the Community Notification Act contains both a registration and a notification component. Significantly, Walker only challenges the notification provisions of the Act in this case. (Doc. 2, ¶ 12)  Walker further concedes that he must register as a convicted sex offender pursuant to section 13A-11-200 of the Code of Alabama.  (Doc. 2, ¶ 13)  Walker's concessions concerning the operation of Alabama's sex offender registration and notification statutes are significant for a number of reasons.

6. First, though sex offenders being released from the ADOC must provide that agency information regarding their intended places of residence, see ALA.*Ala.* CODE § 15-20-22(a)(1) (Supp. 2005), the Act imposes no duties on the ) (1975)praovisionADOC concerning the actual dissemination of community notification.  See ALA. CODE § 15-20-25 (Supp. 2005) (placing the responsibility for disseminating community notification on sheriffs and chiefs of police).  If Walker's grievance lies only against the Act's notification provisions (Doc. 2, ¶ 12), the ADOC cannot affect any change in that respect and, therefore, the ADOC Commissioner is not a proper party to this lawsuit.  See Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326, 1341-42 (11th Cir. 1999). Similarly, if Walker intends to reside in California, as his declaration at least suggests, Alabama's community notification provisions will not affect him, inasmuch as the law will only require that California be notified of Walker's expressed intent to relocate there. See ALA. CODE § 15-20-22(a)(2) (Supp. 2005).  Again, this only demonstrates that the

3

ADOC Commissioner is not a proper party to this lawsuit and should be dismissed. See Summit, supra.

7. Second, because Walker's violation of the Act has now rendered him ineligible for probation and will require that he be charged and placed in the custody of the sheriff, both his release and the community notification process that will accompany it will be indefinitely delayed. Thus, the issue of Walker's procedural due process rights vis-à-vis community notification is not yet ripe for review. See Kirby v. Siegelman, 195 F.3d 1285, 1289-90 (11th Cir. 1999).

8. Even if the Court reaches the substance of Walker's claims in this case, such claims lack any merit. In his motion for preliminary injunction (Doc. 2), Walker chiefly contends that he is entitled to a procedural due process hearing before he can be subjected to community notification. Though he does not cite it, it is clear that Walker relies on the decision of this Court in Doe v. Pryor, 61 F. Supp. 2d 1224 (M.D. Ala. 1999), which held that a sex offender convicted under federal law is entitled to additional due process before community notification can be carried out for that offender. However, that decision concerned the application of the part of the Act that is now codified at section 15-20-21(4)(l), which effectively requires Alabama officials to analogize sex offenses from other jurisdictions to specifically enumerated sex crimes under Alabama law to ascertain a person's status as a "criminal sex offender." Similarly, the face of Walker's pleadings makes it clear that he also relies on section 15-20-21(4)(l) as the basis of his procedural due process claim. (Docs. 2, 10)

9. What Walker fails to appreciate is that his "lewd and lascivious acts" conviction falls under a new definition of "criminal sex offense" and, as such, he is no longer

4

entitled to a procedural hearing as a prerequisite to community notification. Under Alabama Act 2005-301, which became effective October 1, 2005, Walker's conviction is also classified as a "criminal sex offense" pursuant to section 15-21-20(4)(m). This new subsection amplified the existing definition of "criminal sex offense" to include, without requiring analogies to specific Alabama offenses or an examination of the elements or facts underlying an offender's conviction, "any crime committed in any jurisdiction which, irrespective of the specific description or statutory elements thereof, is in any way characterized or known as rape, sodomy, sexual assault, sexual battery, sexual abuse, sexual torture, solicitation of a child, enticing or luring a child, child pornography, <u>lewd and lascivious conduct</u>, taking innocent liberties with a child, or molestation of a child." ALA. CODE § 15-20-21(5)(m) (Supp. 2005) (emphasis added). It is clear that Walker's conviction falls within this definition. Moreover, the United States Supreme Court has held that sex offenders may be statutorily subjected to registration and notification laws by reference to their crimes of conviction, without the need for further due process measures. <u>Connecticut Dep't of Public Safety v. Doe</u>, 538 U.S. 1, 7-8 (2003); see also <u>Bi-Metallic Investment Co. v. State Bd. of Equalization</u>, 239 U.S. 441, 445 (1915).

10. In his motion for preliminary injunction (Doc. 2, ¶¶ 13-16), Walker also asserts that the retroactive application of the notification provisions of the Community Notification Act would inflict punishment on him in violation of the Ex Post Facto, Bill of Attainder, and Double Jeopardy clauses of the Constitution. However, the United States Supreme Court has already held that statutes requiring community notification of sex offenders do not unconstitutionally inflict punishment. <u>Smith v. Doe</u>, 538 U.S. 84 (2003). Thus, Walker's claims in this respect lack any merit.

11. It is well-established that a district court may order preliminary injunctive relief only "when the moving party shows that: (1) it has a substantial likelihood of success on the merits of the underlying case when the case is ultimately tried; (2) irreparable injury during the pendency of the suit will be suffered unless the injunction issues immediately; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1128 (11th Cir. 2005). As shown herein, Walker has demonstrated no likelihood of success in this case. Moreover, given the compelling interest *Ala. Code* § (1975) ADOC is merely the point of contact between the inmate within ADOC facilities and the Alabama Department of Public Safety. The other responsibility of the ADOC within the Sex Offender Notification Act is contained within *Ala.Code* ) (1975). Specifically, the of thethe State has respecting its regulation of convicted sex offenders, see Doe, 538 U.S. at 4, it is self-evident that the issuance of an injunction in this case would be adverse to the public interest. Accordingly, the motion for preliminary injunctive relief should be denied.

WHEREFORE, these premises considered, the Commissioner of the Alabama Department of Corrections prays that this Court will deny the injunctive relief requested by the Plaintiff and will enter an order dismissing the Commissioner from this action.

        Respectfully submitted,

        /s/ Kim T. Thomas_____

        Kim T. Thomas (THO115)
        Deputy Attorney General
        General Counsel
        Alabama Department of Corrections

        /s/ Tara S. Knee_____
        Tara S. Knee (KNE003)
        Assistant Attorney General
        Assistant General Counsel

**OF COUNSEL**:

Alabama Department of Corrections
Legal Division
P. O Box 301501
Montgomery, Alabama 36130
(334)353-3881
FAX:(334)353-3891

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 5th day of December, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Staff Attorneys

Earnest Lee Walker (#187017)
Ventress Correctional Facility
P.O.Box 767
Clayton, AL 36016

                                            /s/Tara S. Knee
                                            Tara S. Knee
                                            Assistant Attorney General
                                            Assistant General Counsel