IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

EARNEST LEE WALKER, #187 017     *

    Plaintiff,     *

    v.     * CIVIL ACTION NO. 2:05-CV-1116-T
        (WO)
COMMISSIONER OF ALABAMA     *
DEPARTMENT OF PUBLIC SAFETY, *et al.*,
    *

    Defendants.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court is plaintiff's request for preliminary injunctive relief. (Doc. No. 2.) In his motion, plaintiff asserts that he has been notified by Alabama Department of Corrections' officials that the Alabama Director of Public Safety has determined that a 1995 misdemeanor sex offense conviction entered against him by the State of California is subject to the Alabama Community Notification Act. *See* Ala. Code § 15-20-20, *et seq*. (1975). Plaintiff seeks a preliminary injunction prohibiting notification to the community of his status as a sex offender without first being afforded a hearing in accordance with his right to due process in this matter.

Upon consideration of plaintiff's motion for preliminary injunction and the response to this motion filed by defendants, the court concludes that the motion for preliminary injunction is due to be denied.

## DISCUSSION

A preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion as to **all** prerequisites. *United States v. Jefferson County*, 720 F.2d 1511 (11th Cir. 1983). The four prerequisites which a movant must satisfy are as follows: (1) a substantial likelihood that the movant will ultimately prevail on the merits, (2) a showing that the movant will suffer irreparable injury unless the injunction issues, (3) proof that the threatened injury to the movant outweighs the damage the proposed injunction may cause the opposing party, and (4) a showing that the injunction, if issued, will not be adverse to or harm the public interests. *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).

The pleadings and documents filed by defendants show that plaintiff has failed to demonstrate that he meets each of the prerequisites for issuance of a preliminary injunction and that preliminary injunctive relief is, in fact, not warranted in this case. (*See* Doc. No. 11.) The court, therefore, concludes that plaintiff's motion should be denied.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's Motion for a Preliminary Injunction filed on November 22, 2005 (Doc. No. 2), be DENIED.

It is further the RECOMMENDATION of the Magistrate Judge that this case be referred back to the undersigned for additional proceedings.

It is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **3 January 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of December 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE